**UNITED SETATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **KEITH BROADBENT and** | **)** | |
| **KELLY A. BROADBENT,** | **)** | |
| **Plaintiffs** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil No.** |
| | **)** | |
| | **)** | |
| **RICHARD J. BOUDREAU AND** | **)** | |
| **ASSOCIATES, LLC,** | **)** | |
| **Defendant** | **)** | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Keith and Kelly Broadbent seek damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, G.L. c. 93A, as a result of defendant's unlawful conduct in attempting to collect an alleged consumer debt.

**Parties**

1. Plaintiffs Keith Broadbent and Kelly A. Broadbent are individuals, husband and wife, who at all relevant times have resided in Dracut, Middlesex County, Massachusetts.

2. Defendant Richard J. Boudreau & Associates, LLC, is a law firm and, on information and belief, a New Hampshire limited liability company having a principal place of business in Salem, New Hampshire.

3. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

**Jurisdiction and Venue**

4. Plaintiffs' claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiffs' claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Partial Statement of Facts**

6. On March 10, 2009, plaintiffs – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the acts and practices alleged herein to violate G.L. c. 93A, section 2, and the injuries suffered as a result.

7. Defendant received plaintiffs' demand for relief, but did not make a reasonable written tender of settlement within 30 days of receipt.

9. Defendant's failure to make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

**COUNT I**

10. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

11. On or about December 23, 2008, an employee of defendant called plaintiffs' home regarding a debt allegedly owed to LVNV Funding LLC. Keith Broadbent took the call. After explaining the purpose of the call, defendant's employee said that Kelly had already agreed to settle the debt and asked if Keith was intending to pay.

12. Kelly Broadbent had not, in fact, agreed to settle or pay the alleged debt.

13. Defendant's misrepresentation violated section 1692e(10) of the FDCPA.

WHEREFORE, Keith Broadbent prays for judgment awarding statutory damages, costs, and reasonable attorney's fees.

**COUNT II**

14. The allegations of paragraphs 1 – 13 are incorporated herein as if fully set forth.

15. Defendant's misconduct as aforesaid constituted an unfair means of attempting to collect a debt in violation of section 1692f of the FDCPA

WHEREFORE, Keith Broadbent prays for judgment awarding statutory damages, costs, and reasonable attorney's fees.

**COUNT III**

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Defendant's misconduct as aforesaid was unfair and deceptive and violated G.L. c. 93, §49, hence G.L. c. 93A.

WHEREFORE, Keith Broadbent prays for judgment awarding statutory damages, costs, and reasonable attorney's fees.

**COUNT IV**

18. The allegations of paragraphs 1 – 5 are incorporated herein as if fully set forth.

19. Plaintiffs received an initial written communication from defendant regarding the alleged debt, dated December 24, 2008. In response, plaintiffs sent defendant a certified letter dated December 29, 2008, disputing the alleged debt and requesting verification.

20. Plaintiffs' letter was received by defendant on December 31, 2008.

21. On December 31, 2008, defendant called plaintiffs' home and spoke to Keith Broadbent. Defendant's employee did not indicate that he or defendant was a debt collector.

22. Defendant's failure to identify itself as a debt collector violated section 1692e(11) of the FDCPA,

WHEREFORE, Keith Broadbent prays for judgment awarding statutory damages, costs, and reasonable attorney's fees.

**COUNT V**

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. During the December 31, 2008, phone call, Keith Broadbent informed defendant's employee that a dispute letter had been sent, to which the employee responded that this meant a refusal to pay and that legal action would therefore be taken.

25. Defendant has not commenced legal action against either plaintiff in connection with the alleged debt.

26. Defendant's false characterization of the meaning of plaintiffs' dispute letter violated section 1692e(10) of the FDCPA and caused Keith Broadbent emotional distress.

WHEREFORE, Keith Broadbent prays for judgment awarding actual damages, statutory damages, costs, and reasonable attorney's fees.

**COUNT VI**

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Defendant's false threat of legal action violated sections 1692e(5) and (10) of the FDCPA and caused Keith Broadbent emotional distress.

WHEREFORE, Keith Broadbent prays for judgment awarding actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

**COUNT VII**

29. The allegations of paragraphs 1 – 28 are incorporated herein as if fully set forth.

30. Defendant's misconduct as set forth in counts V and VI, above, violated the FDCPA, G.L. c. 93, §49, and 940 CMR 7.04(l), hence G.L. c. 93A, and caused Keith Broadbent emotional distress.

31. Defendant's misconduct was knowing or willful in nature.

WHEREFORE, Keith Broadbent prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and interest, costs, and reasonable attorney's fees.

**COUNT VIII**

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. Shortly after the above-described phone call, defendant called Kelly Broadbent's mother. Defendant's employee told Kelly's mother that defendant was trying to reach Kelly about a credit card debt.

34. Kelly was informed of the phone call and suffered severe emotional distress as a result.

35. Defendant's conduct violated section 1692c(b) of the FDCPA.

WHEREFORE, Kelly Broadbent prays for judgment awarding actual damages, statutory damages, and interest, costs, and reasonable attorney's fees.

**COUNT IX**

36. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

37. Defendant's conduct of calling and communicating with Kelly Broadbent's mother violated the FDCPA, G.L. c. 93, §49, and 940 CMR 7.06(1), hence G.L. c. 93A, as a result of which Kelly Broadbent suffered emotional distress.

38. Defendant's misconduct was willful or knowing in nature.

WHEREFORE, Kelly Broadbent prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and interest, costs, and reasonable attorney's fees.

**COUNT X**

39. The allegations of paragraphs 1 – 38 are incorporated herein as if fully set forth.

40. Shortly after learning of the phone call to Kelly's mother, Keith Broadbent called defendant. He reported the phone call made to Kelly's mother and stated he would be waiting for the debt to be validated by defendant. Defendant's employee accused Keith of stalling and stated that in view of the validation request the creditor would not be willing to settle the debt.

41. Defendant's conduct had the natural consequence of harassing Keith Broadbent and thus violated section 1692d of the FDCPA, as a result of which Keith Broadbent suffered severe emotional distress.

WHEREFORE, Keith Broadbent prays for judgment awarding actual damages, statutory damages, and interest, costs, and reasonable attorney's fees.

**COUNT XI**

42. The allegations of paragraphs 1 – 41 are incorporated herein as if fully set forth.

43. Defendant's conduct as aforesaid violated the FDCPA and G.L. c. 93, §49, hence G.L. c. 93A.

44. Defendant's misconduct was willful or knowing, and caused Keith Broadbent to suffer severe emotional distress.

WHEREFORE, Keith Broadbent prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and interest, costs, and reasonable attorney's fees.

**Plaintiffs claim trial by jury.**

KEITH BROADBENT
KELLY A. BROADBENT
By their attorney:

_/s/Kenneth D. Quat_
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com